## JOHNSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4421.

Circuit Court of Appeals, Third Circuit.
Sept. 24, 1931.

Garey, Crowley & Beatty, of New York City (Edward K. Kennedy and Earl J. Garey, both of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge (now Circuit Judge).

BUFFINGTON, Circuit Judge.

In 1921 the father of petitioner and appellant presented to him two thousand shares of the common stock of the Allied Chemical & Dye Company, and on January 15, 1921, the said shares were duly transferred to' the son's name. At that time the value of the stock was $104,625. During that year the son sold fifteen hundred shares of said stock for $106,220. In determining the son's taxable income, the Board of Tax Appeals held that the stock so sold did not constitute capital assets within the meaning of section 206 (a) (6) of the Revenue Act of 1921 (42 Stat. 232), which provides: "The term 'capital assets' as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years," etc., and fixed the tax accordingly. Thereupon the taxpayer took this appeal.

It is contended by him that in the adjustment of his taxes section 202 (a) of the act (42 Stat. 229) should be resorted to, and that, if this is done, his capital gain should be the same as it would have been in the case of his father. In other words, he makes himself a two-year holder by virtue of his father's tenure. But this contention overlooks the fact that, while section 202 relates to the basis for determining, in a proper case, the amount of gain of a taxpayer, section 206 relates to determining what is required of a taxpayer to bring himself within its terms. In that respect section 206 is clear and self-explanatory, viz., a taxpayer who has acquired and held property for profit or investment for more than two years. Indeed, the words used by Congress in section 206 are so plain that there is no call for construction or conjecture. Thompson v. U. S., 246 U. S. 547, 38 S. Ct. 349, 62 L. Ed. 876; Hamilton v. Rathbone, 175 U. S. 414, 20 S. Ct. 155, 44 L. Ed. 219; U. S. v. Goldenberg, 168 U. S. 95, 18 S. Ct. 3, 42 L. Ed. 394. Applying this principle of construction to section 206, the Tax Board, in deciding this case, held:

"Stock sold by the petitioner in 1922 could not have been held by him for more than two years, since it was acquired by him in 1921. We are not insensible to the expediency of the theory underlying the argument advanced on behalf of the petitioner, but we are of the opinion that property in order to constitute a capital asset within the meaning of section 206 (a) (6) of the Revenue Act of 1921 must have been actually acquired and held by the taxpayer himself for profit or investment for more than two years."

We agree therewith, and therefore affirm its decree.